```
               UNITED STATES DISTRICT COURT
               NORTHERN DISTRICT OF INDIANA
                     HAMMOND DIVISION
```

UNITED STATES OF AMERICA  )
                          )
    v.                    )    2:05-CR-77
                          )
KENNETH CASTALDI          )

## OPINION AND ORDER

This matter is before the Court on the Motion for Release Pending Appeal (D.E. # 157) filed by the Defendant, Kenneth Castaldi, on October 11, 2007; and the Motion for Extension (D.E. # 171) filed by Mr. Castaldi on November 26, 2007. For the reasons set forth below, the Motion for Release Pending Appeal is **DENIED.** Moreover, because this motion is no longer pending, the Motion for Extension is also **DENIED.**

Paul Hernandez and Kenneth Castaldi were indicted in a twenty-one count indictment for crimes related to the securing and misuse of a grant. Count 1 charges Mr. Hernandez and Mr. Castaldi with mail fraud in violation of 18 United States Code §§ 1341 and 2. Count 2 charges Mr. Hernandez with embezzling, stealing and unlawfully and willfully abstracting and converting to his own use and the use of two others the moneys, funds, securities, property and other assets of a labor organization in violation of 29 United States Code § 501(c). Counts 3 through 14 charge Mr. Hernandez and Mr. Castaldi with theft or embezzlement from an employee benefit plan, in violation of 18 United States Code §§ 664 and 2. Counts 15-20 charge Mr. Hernandez with six additional violations of 18

United States Code § 664.  Count 21 charges Mr. Hernandez with making false statements.

On September 21, 2006, a jury found Mr. Hernandez guilty on counts 1 through 20 of the indictment, and Mr. Castaldi guilty on count 1 and counts 3 through 14 of the indictment. Count 21 was dismissed on Defendants' motion for judgment of acquittal made at the close of the Government's case.

Subsequently, the Defendants filed a motion for a new trial. In this motion, the Defendants argued that they were entitled to a new trial based on four grounds: (1) the indictment was not legally sufficient as it failed to properly name the victim; (2) a mug shot of Mr. Castaldi shown in the prosecution's opening and closing arguments constituted prejudicial error; (3) several of the hearsay objections made by the Government were improperly sustained; and (4) the evidence failed to show use of the mails in execution of a scheme to defraud.  On February 15, 2007, this Court denied the Defendants' motion for a new trial (D.E. # 105).

After numerous sentencing hearings, on October 1, 2007, Mr. Castaldi was sentenced to a term of 30 months imprisonment on each of counts 1 and 3-14 to be served concurrently and a term of 3 years of supervised release on each of counts 1 and 3-14 to run concurrently. Mr. Castaldi was also ordered to pay a special assessment of $1,300.00 and restitution in the amount of $70,071.57. Mr. Castaldi paid his restitution in full at the time

of sentencing. This Court allowed Mr. Castaldi to self-report for service of his sentence at the institution designated by the Bureau of Prisons before 2:00 p.m. on November 27, 2007.

Mr. Castaldi filed his notice of appeal on October 11, 2007. He now seeks, in the motion for release pending appeal, to be released from custody pending appeal pursuant to Title 18 U.S.C. § 3143(b)(1). Mr. Castaldi also seeks, in the motion for extension, to delay reporting to prison for 30 days because the Court has not yet ruled upon the motion for release pending appeal.

Under § 3143(b)(1), a defendant who has been found guilty of an offense and sentenced to a term of imprisonment, such as Mr. Castaldi, is to be detained pending appeal unless the Court finds (1) that the defendant is not likely to flee if released; (2) that the defendant does not pose a danger to the safety of any other person or the community if released; (3) that the appeal is not for the purpose of delay; and (4) that the appeal raises a substantial question of law or fact likely to result in reversal, an order for a new trial, a sentence that does not include a term of imprisonment, or a sentence reduced to a term of incarceration less than the time he would spend in prison while his appeal is decided. 18 U.S.C. § 3143(b)(1).

The first three § 3143(b)(1) inquiries — likelihood of flight, danger to the community, and intent to delay — are not in question. The Court has previously found, and the Government does not

dispute, that Mr. Castaldi does not appear to be a flight risk or a danger to the community. And the Court has no reason to believe that the appeal is taken for the purpose of delay.

Focusing on the fourth element, then, Mr. Castaldi must show that his appeal raises a substantial question of law or fact likely to result in reversal, an order for a new trial, a sentence that does not include a term of imprisonment, or a sentence reduced to a term of incarceration less than the time he would spend in prison while his appeal is decided. This is a two-part inquiry. First, Mr. Castaldi must show that his appeal presents a substantial issue. An issue is substantial if it presents a "close question or one that very well could be decided the other way." *United States v. Shoffner*, 791 F.2d 586, 588 (7th Cir. 1986). If the appeal presents a substantial issue, Mr. Castaldi must then demonstrate that the substantial issue will likely affect the validity of the conviction. *Id*. Ultimately, Mr. Castaldi must do more than show that an error occurred at trial, he must persuade this Court that "the appellate court is more likely than not to reverse the conviction or order a new trial on all counts for which imprisonment has been imposed." *United States v. Bilzanich*, 771 F.2d 292, 298 (7th Cir. 1985).

To merit Mr. Castaldi's release, pursuant to § 3143(b), the Court must actually find that Mr. Castaldi raises a substantial issue that will affect the validity of the conviction. Mr. Castaldi

4

sets forth five issues as grounds for his release pending appeal: (1) the indictment was not legally sufficient as it failed to properly name the victim; (2) a mug shot of Mr. Castaldi shown in the prosecution's opening and closing arguments constituted prejudicial error; (3) several of the hearsay objections made by the Government were improperly sustained; (4) the evidence failed to show use of the mails in execution of a scheme to defraud; and (5) the Court failed to explain its reasons for rejecting the defendant's argument that a guidelines sentence is unreasonable because he is a quiet, hardworking, and dedicated individual, is at a low risk to reoffend, is not a danger to the community, and will be more likely to repay his restitution amount if not imprisoned.

First, Mr. Castaldi argues that the evidence in the record shows that the grant did not belong to the victim stated in the indictment counts 3-14. This Court has already rejected this argument in the Opinion and Order dated February 15, 2007 (D.E. # 105). In this Opinion and Order, the Court found that the evidence was sufficient for a jury to find that Defendants were stealing funds from the victim named in the indictment. In the currently pending motion, Mr. Castaldi has not offered any evidence or argument to show that this Court erred in its prior ruling, nor has he offered any evidence to convince this Court that this is a close question or one that very well could be decided the other way. Accordingly, for the reasons set forth in the Opinion and Order

dated February 15, 2007, and because the Court finds this issue is not a close question, the appellate court is not more likely than not to reverse the conviction or order a new trial on all counts for which imprisonment has been imposed. Thus, Mr. Castaldi has not demonstrated that his appeal on this issue presents a substantial question of law or fact. *Bilzanich*, 771 F.2d at 300.

Second, Mr. Castaldi argues that the "mug shot" that the Government used in its opening and closing arguments constituted prejudicial error. This Court has already rejected this argument in the Opinion and Order dated February 15, 2007 (D.E. # 105). The Government, in its opening and closing arguments, used a pictorial flow chart that showed pictures of Mr. Hernandez and Mr. Castaldi taken at the booking of Defendants on the present charges.  But, Defendants were not wearing prison garb or holding prison slates in the picture.  In fact, nothing in the pictures indicates they are incarcerated.   While  actual  prison  garb  mug  shots  are  often inadmissible, pictures that do not suggest incarceration are permissible.  *See United States ex. rel Bleimehl v. Cannon*, 525 F.2d 414, 416 (7th Cir. 1975); *Untied States v. Gray*, 410 F.3d 338, 344-45 (7th Cir. 2005).  Even pictures showing a defendant in police custody are permissible where they do not suggest prior criminal activity. *United States v. Allen,* 390 F.3d 944, 950 (7th Cir. 2004). In the currently pending motion, Mr. Castaldi fails to argue or point to evidence indicating that the Court erred in its

6

previous ruling, nor does he show that this issue is a close question. Accordingly, for the reasons set forth in the Opinion and Order dated February 15, 2007, and because this Court finds that this issue is not a close question, the appellate court is not more likely than not to reverse the conviction or order a new trial on all counts for which imprisonment has been imposed. Thus, Mr. Castaldi has not demonstrated that his appeal on this issue presents a substantial question of law or fact. *Bilzanich*, 771 F.2d at 300.

Third, Mr. Castaldi argues that several hearsay objections by the Government were improperly sustained and barred the introduction of relevant evidence. Mr. Castaldi fails to identify which sustained objections he is challenging and which evidence he was unable to introduce. Moreover, he fails to cite any case law or argue reasons why the Court's previous ruling was in error or a close question. Accordingly, Mr. Castaldi has not demonstrated that his appeal on this issue presents a substantial question of law or fact. *Bilzanich*, 771 F.2d at 300.

Fourth, Mr. Castaldi argues that there was insufficient evidence to show that the mails were used to execute a scheme to defraud. This Court has already rejected this argument in the Opinion and Order dated February 15, 2007 (D.E. # 105). In this Opinion and Order, the Court found that the evidence was sufficient to show that the mails were used to execute the alleged scheme to

7

defraud. In the currently pending motion, Mr. Castaldi fails to argue or point to evidence indicating that the Court's previous finding is in error, nor does he show that this issue is a close question or one that very well could be decided the other way. Accordingly, for the reasons set forth in the Opinion and Order dated February 15, 2007, and because this Court finds that this issue is not a close question, the appellate court is not more likely than not to reverse the conviction or order a new trial on all counts for which imprisonment has been imposed. Thus, Mr. Castaldi has not demonstrated that his appeal on this issue presents a substantial question of law or fact. *Bilzanich*, 771 F.2d at 300.

Finally, Mr. Castaldi argues that the Court failed to explain its reasons for rejecting the his argument that a guidelines sentence is unreasonable because he is a quiet, hardworking, and dedicated individual, is at a low risk to reoffend, is not a danger to the community, and will be more likely to repay his restitution amount if not imprisoned. This argument is meritless. At the sentencing hearing held on August 14, 2007, this Court stated that it was considering the § 3553(a) factors and made explicit findings of fact and explained reasons consistent with section 3553(a) for thinking the sentence selected was appropriate for Mr. Castaldi. Indeed, the Court listened to, read, considered supporting evidence, was aware of, and specifically addressed each of the

3553(a) factors Mr. Castaldi now contends the Court did not properly consider. The Court "simply found these circumstances insufficient to warrant [the] sentence" Mr. Castaldi requested. *Rita v. United States*, 127 S. Ct. 2456, 2469 (2007). And the record of the sentencing hearing reflects this. Notably too, after the Court read Mr. Castaldi's sentence but before it was imposed, the Court asked if counsel had any objections or knew of any reason other than the reasons argued why the sentence should not be imposed, and Mr. Castaldi's counsel indicated that he had none.

Even if the Court had not addressed each of Mr. Castaldi's arguments as it did, "[a] sentencing judge is not required to 'discuss the application of the statutory factors to the defendant [] in a checklist fashion,' but rather must only provide 'an adequate statement of the judge's reasons consistent with section 3553(a) for thinking the sentence that he has selected is indeed appropriate for the particular defendant.'" *United States v. Nitch*, 477 F.3d 933, 937 (7th Cir. 2007)(quoting *United States v. Dean*, 414 F.3d 725, 729 (7th Cir. 2005); *see also United States v. Miranda*, No. 06-4195, 2007 WL 3120098, *6 (7th Cir. 2007)("A judge need not comment on every argument the defendant raises."). In this case, the Court satisfied this standard by reading Mr. Castaldi's sentencing memoranda (D.E. #s 111, 114). *E.g., U.S. v. Ramirez-Gutierrez*, No. 06-2937, 2007 WL 2822422, *3 (7th Cir. 2007) ("The judge said that he had read Ramirez-Gutierrez's submission, which

is enough to satisfy us that he considered the argument and rejected it). As the record reflects, the Court additionally read the numerous letters relevant to 3553(a) factors, listened to the argument of counsel regarding these factors, engaged in colloquy with counsel regarding these factors, and explicitly addressed and explained its reasoning with respect to each of these factors.

Mr. Castaldi has not shown that an error occurred, nor has he shown that there is even a close question as to whether an error occurred. As such he has failed to persuade this Court that "the appellate court is more likely than not to reverse the conviction or order a new trial on all counts for which imprisonment has been imposed."  *Bilzanich*, 771 F.2d at 298. Accordingly, Mr. Castaldi has failed to demonstrate that his appeal on this issue presents a substantial question of law or fact.  *Id.* at 300.

Ultimately, the Court cannot find that any issues Mr. Castaldi plans to argue on appeal raises a substantial question that will likely result in reversal, an order for a new trial, a sentence that does not include a term of imprisonment, or a sentence reduced to a term of incarceration less than the time he would spend in

prison while their appeals are decided. Accordingly, Mr. Castaldi's motion for release pending appeal is **DENIED**.  Moreover, because this motion is no longer pending, the Motion for Extension is also **DENIED**.


**DATED: November 26, 2007**              **/s/ RUDY LOZANO, Judge**
                                          **United State District Court**

11